UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 12-34152 |
| DANIEL THOMAS HENRY and | ) | Chapter 7 |
| MARGARET JEAN HENRY | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| CAROLYN A. VENDRAMIN, | ) | |
| | ) | Adv. Proc. No. 13-03061 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL THOMAS HENRY and | ) | |
| MARGARET JEAN HENRY | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRETRIAL ORDER

Pursuant to the Order of the Court, attorneys for the parties to this action submit the following proposed Joint Pretrial Order.

1. Jurisdiction. This court has jurisdiction of this adversary proceeding and this is a core proceeding within the meaning of 28 U.S.C. §157(b)(1).

2. Parties. Plaintiff is represented by Blake Dahl and Gordon Etzler of Gordon Etzler & Associates, LLP. Defendants are represented by Jeffery A. Johnson and Trevor Q. Gasper of May Oberfell Lorber.

3. Status of the Record. Plaintiff filed her Complaint for Nondischargeability on September 23, 2013. Defendants filed their Answer and Affirmative Defenses on October 24, 2013. There are no pending motions at this time.

4. Plaintiffs' Statement. The Henry's (individually and in their capacity as corporate officers) intentionally froze out Vendramin to deprive her of her investment and ownership in the company, violating their fiduciary duties owed to the Plaintiff; being an intentional act (willful & malicious) causing injury, prevents the debt resulting from this injury from being discharged in bankruptcy. That the Henry's committed embezzlement and defalcation of records while acting as a fiduciary and used corporate funds for themselves that were never reimbursed to the company, claimed

1

as income or disclosed on their bankruptcy petition; these intentional acts act as a bar to bankruptcy discharge.  That the Henry's fraudulently transferred assets and real estate to hide assets in attempt to defraud and avoid creditors, thereby committing a criminal act and or fraud under the Bankruptcy code; baring all rights to discharge and bankruptcy protection.  That the Henry's knowingly and willfully omitted information on their bankruptcy petition or falsified their bankruptcy petition to defraud or avoid creditors (violating US Bankruptcy Criminal Code).  That the Law Firm May Oberfell & Lorber were paid for their services to represent the Henrys and were aware of the inaccuracies/false statements on the Bankruptcy Petition but failed to correct the false statements both initially and after filing;   That the Law Firm and the Henry's have intentionally omitted a debt owed to the firm from the Henrys.

5. <u>Defendants' Statement.</u>   Plaintiffs have failed to state a claim against Defendants upon which relief can be granted.

   In her Complaint, Plaintiff alleges, but is unable to provide credible evidence for: (1) any obligation due and owing by Defendants to Plaintiff; (2) breach of fiduciary duty; (3) embezzlement; and (4) defalcation of records while acting in a fiduciary capacity. Evidence to be presented at trial will establish Dan Henry loaned substantial sums of money to Henry-Cap Construction, Inc., paid debts personally on behalf of the corporation, and voluntarily took a reduction in salary to keep the company solvent as long as possible.

   Plaintiff has lodged, through her Complaint and her contentions, many extraneous [and unsubstantiated] facts and claims that are not pertinent to the determination of whether any debt owed by Defendants to Plaintiff is dischargeable.

6. <u>Stipulations to Relevant and Undisputed Facts.</u>  There are no stipulations to relevant and undisputed facts at this time.

7. <u>Statement Identifying any Contested Facts.</u>  The contested facts are implicit in the parties' statements.

8. <u>Any Contested Legal Issues.</u>

   a. Whether Defendants owed and/or breached any fiduciary duty owed to Plaintiff;
   b. Whether Defendants embezzled funds belonging to Henry-Cap Construction, Inc. that were owed to Plaintiff;
   c. Whether Defendants defalcated funds or records belonging to Henry-Cap Construction while acting in a fiduciary capacity which resulted in damages to Plaintiff.

9.  <u>Plaintiffs' Exhibits.</u>

   a. Articles of Incorporation Henry-Cap;

    b. Records concerning payments to Robert Henry;
    c. Recorders concerning Henry Enterprises;
    d. Shareholder Agreement;
    e. Coding Report;
    f. Records relating to rental payments to Defendants;
    g. Documents related to federal lawsuit in the Southern District of Indiana;
    h. Freeze-Out Termination Letter;
    i. Benton Street Property Transfer Paper;
    j. Clay Street Property Transfer Paper;
    k. Corporate Credit Card Statements;
    l. PNC Bank Statements;
    m. Company E-mails;
    n. Corporate Tax Returns (2007, 2008, 2009);
    o. Auto Insurance Payment Paper;
    p. UCC Filing and Financing Statements;
    q. Depositions of CPA and Bookkeeper;
    r. Bank account statements;
    s. Tax records;
    t. Other court records.

10. <u>Defendant's Exhibits.</u> Defendants may offer any or all of the following exhibits at trial:

    a. Henry/Cap Bylaws;

    b. Buy/Sell Agreement dated January 31, 2002;

    c. Corporate minutes and records of Henry/Cap;

    d. Corporate and individual Vehicle and Mortgage Loan Documents with National City;

    e. Tax Returns and related documents, including forms W-2 and 1099, for Dan and Jean Henry for 2012, 2011, 2010, 2009, 2008, 2007, 2006, 2005, 2004, 2003, 2002, and 2001;

    f. Corporate tax returns filed on behalf of Henry/Cap from 2008 through 2012;

    g. Ledger Card Reports/wage payment history for Dan Henry;

    h. Documents related to loans made by Robert A. Henry to Henry/Cap;

    i. Documents related to loans, capital infusions, and payments made on behalf of Henry/Cap by Daniel Henry;

    j.   1/17/2007 letter from Timothy Short to Dan Henry;

    k.   Consulting records from HCMM;

    l.   Transcript of deposition of Judy Gushwa;

    m.   Transcript of deposition of Greg Jurgonski;

    n.   Transcript of the deposition of Allison Swinehart;

    o.   The corporate bank records for Henry/Cap;

    p.   Credit card records for Henry/Cap;

    q.   The pleadings

    r.   Demonstrative summaries of loans and funds paid by Debtors to Henry/Cap;

    s.   Any documents necessary for rebuttal or impeachment.

11.   <u>Plaintiffs' Witnesses.</u>

    a. Plaintiff;
    b. Defendants;
    c. A representative of Schmanski Jurgonski & Fredlake;
    d. Judy Gushwa;
    e. Attorney Jeffery A. Johnson;
    f. Attorney Jennifer ElBenni;
    g. Attorney Trevor Gasper;
    h. Attorney Brett Hummer;
    i. Attorney Gary D. Boyn;
    j. Counsel or a representative for Construction Workers Pension Fund;
    k. Counsel or a representative for CBA Escrow EAC Local #4;
    l. Counsel or a representative for CAF Laborers 41/81;
    m. Counsel or a representative for Bricklayers International Pension Fund;
    n. Frank DeGraw, Trustee, or another representative from Indiana Laborer's Welfare Pension and training funds;
    o. Attorney Frederick Denerline III;
    p. The Estate of Robert Henry (or a representative from the law firm Anderson Agostino & Keller);
    q. St. Joseph County Recorder's Office;
    r. St. Joseph County Assessor's Office.

Defendants specifically object to any attempt to call Jeffery A. Johnson, Jennifer ElBenni, Trevor Gasper, and Brett Hummer as witnesses to this matter.

12. <u>Defendant's Witnesses.</u>  Defendants witnesses may include any or all of the following witnesses at trial:

    a. Defendants;
    b. Plaintiff;
    c. Greg Jurgonski, CPA;
    d. Judy Gushwa;
    e. Timothy Short;
    f. Don Rohrer;
    g. Tom Henry;
    h. Lauren Davis, CPA;
    i. Wayne Stewart;
    j. Terry Hickey;
    k. William Batteast
    l. Any person who was deposed or otherwise offered testimony in this case;
    m. Any and all rebuttal or impeachment witness;
    n. Any witnesses listed by Plaintiffs

13. <u>Trial.</u>  The trial will be to the bench; the probable length will be 2 days.

                                                     Judge,
                                                     United State Bankruptcy Court

| /s/ Blake N. Dahl | /s/ Jeffery A. Johnson |
|---|---|
| Blake N. Dahl | Jeffery A. Johnson (5009-71) |
| Gordon Etzler & Associates, LLP | Trevor Q. Gasper (26368-71) |
| 251 N Indiana Ave. | MAY OBERFELL LORBER |
| Valparaiso, IN 46383 | 4100 Edison Lakes Pkwy., Ste. 100 |
| Tel: (219) 531-7787 | Mishawaka, Indiana 46545 |
| Fax: (219) 531-4732 | Tel: (574) 243-4100 |
| | Fax: (574) 232-9789 |